**UNITED STATES Of America, Plaintiff—Appellee,**

v.

**Kotey QUANSAH, Defendant— Appellant.**

No. 05–50073.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2006.[*]

Decided March 14, 2006.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tyson Walch, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Brian A. Newman, Esq., Law Offices of Brian A. Newman, Culver City, CA, for Defendant–Appellant.

Before: HALL, THOMAS, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Kotey Quansah was convicted of seven counts of possession and uttering of counterfeit securities on an organization or political subdivision of a state, in violation of 18 U.S.C. § 513(a), and possession of device making equipment, in violation of 18 U.S.C. § 1029(a)(4). Although Quansah signed a confession, he went to trial on an entrapment defense. He argues five claims in this appeal, none of which have merit. We affirm.

Quansah first argues that his conviction should be reversed because the government did not prove beyond a reasonable doubt that he was entrapped. Reviewing the claim of entrapment de novo, *United States v. Tucker*, 133 F.3d 1208, 1214 (9th Cir.1998), the jury's determination that Quansah had not been entrapped was reasonable. The government presented sufficient evidence showing that Quansah was predisposed to commit the crimes with which he was charged. *See United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994).

■ Second, the district court did not abuse its discretion in disallowing into evidence exculpatory statements Quansah made in his written confession. *See United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir.2004). Self-serving statements are not exempted from the hearsay rule by Federal Rule of Evidence 801(d)(2)(A) or any other exemption or exception, and are thus inadmissible hearsay. Fed R. Evid. 802. The Rule of Completeness does not compel admission of otherwise inadmissible hearsay evidence. Fed.R.Evid. 106; *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir.1996).

■ Third, the district court did not clearly err in refusing to give Quansah credit for acceptance of responsibility. *See United States v. Wilson*, 392 F.3d 1055, 1061 (9th Cir.2004). The burden to clearly demonstrate acceptance of responsibility is Quansah's, which he did not meet. U.S.S.G. § 3E1.1(a).

Fourth, based on the evidence produced at trial and argument by both parties during the sentencing phase, the district court did not clearly err in finding that there was no sentencing entrapment. *See United States v. Bynum*, 327 F.3d 986, 993 (9th Cir.2003).

■ Finally, the district court did not abuse its discretion in setting the amount of intended loss for sentencing purposes at over $400,000, the amount of intended loss found beyond a reasonable doubt by the jury. *See United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1038 (9th Cir.2002). In calculating the amount of loss for sentencing purposes, "the district court should use the amount of loss that the defendant attempted to inflict, provided such a figure can be determined with reasonable certainty and is greater than the actual loss in-

---

flicted." *United States v. Munoz*, 233 F.3d 1117, 1125 (9th Cir.2000) (citing U.S.S.G. § 2F1.1, *consolidated into* U.S.S.G. § 2B1.1).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.